IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LIONEL BERNARD ADKINS | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-05-CV-1185-P |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Lionel Bernard Adkins, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed in part and denied in part.

I.

Petitioner was convicted by a jury of aggravated sexual assault and sentenced to 75 years confinement. His conviction and sentence were affirmed on direct appeal. *Adkins v. State*, No. 05-98-00991-CR (Tex. App.--Dallas, Aug. 21, 2000, pet. ref'd). Petitioner also filed two applications for state post-conviction relief. The first application was denied without written order. *Ex parte Adkins*, No. 54,111-01 (Tex. Crim. App. Nov. 20, 2002). The second application was dismissed as successive. *Ex parte Adkins*, No. 54,111-02 (Tex. Crim. App. Dec. 15, 2004). Petitioner then filed this action in federal court.

II.

In multiple grounds for relief, petitioner contends that: (1) he was denied the right to call witnesses favorable to the defense; (2) the prosecutor committed numerous acts of misconduct; (3) he received ineffective assistance of counsel; (4) newly discovered evidence establishes his actual innocence; and (5) the state habeas court improperly dismissed his second writ as successive.

By order dated June 17, 2005, the court *sua sponte* questioned whether this case was time-barred and invited petitioner to address the limitations issue in a written reply. Petitioner filed a reply on July 20, 2005. The court now determines that this case should be dismissed on limitations grounds.

A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction relief or other collateral review is pending is excluded from the limitations period. *Id.* § 2244(d)(2). In addition, the AEDPA statute of limitations is subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner was sentenced to 75 years confinement for aggravated sexual assault. The court of appeals affirmed his conviction on August 21, 2000. The Texas Court of Criminal Appeals refused a petition for discretionary review on February 28, 2001 and denied rehearing on March 21, 2001. Petitioner did not file a writ of certiorari in the United States Supreme Court. Therefore, his conviction became final on June 19, 2001--90 days after the Texas Court of Criminal Appeals denied rehearing. *See Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires). Petitioner filed two applications for state post-conviction relief. The first application was filed on May 14, 2002 and denied on November 20, 2002. The second application was filed on August 5, 2004 and dismissed on December 15, 2004. Petitioner filed this action in federal court on June 6, 2005.

The AEDPA statute of limitations started to run on June 19, 2001 when petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). The limitations period was tolled from May 14, 2002 to November 20, 2002, a total of 190 days, while a properly filed application for state post-conviction relief was pending. Even allowing for this tolling period, petitioner waited more than a year to seek federal habeas relief. In an attempt to excuse this delay, petitioner argues that he did not discover the factual predicate of his claims until December 23, 2003--the date Linda Haynes signed an affidavit recanting her claim of rape. (*See* Hab. Pet., Exh. A). However, the

operative date for limitations purposes is "the date on which the factual predicate of the claim or claims presented *could have been discovered through the exercise of due diligence*." 28 U.S.C. § 2244(d)(1)(D) (emphasis added). The evidence submitted by petitioner shows that Haynes recanted her rape allegation in an affidavit dated February 12, 2002. In that affidavit, Haynes states that she told the prosecutor and petitioner's attorney before trial that her sexual encounter with petitioner was consensual. (Hab. Pet., Exh. H at 3). Petitioner does not deny knowledge of the prior affidavit or the facts contained therein. The court therefore concludes that petitioner could have discovered the factual predicate of this claim earlier through the exercise of due diligence. *See Chism v. Johnson*, 2000 WL 256875 at *2 (N.D. Tex. Mar. 7, 2000) (rejecting argument that petitioner could not have discovered factual predicate of claim until witness executed affidavit recanting trial testimony).

Nor is equitable tolling permitted merely because petitioner believes he is entitled to relief. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) ("Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."). Even a claim of actual innocence does not constitute a "rare and exceptional" circumstance sufficient to toll the statute of limitations. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.), *cert. denied*, 121 S.Ct. 622 (2000); *Mason v. Cockrell*, 2003 WL 21488226 at *2 (N.D. Tex. Apr. 23, 2003); *Rhinehart v. Cockrell*, 2001 WL 1512029 at *2 (N.D. Tex. Nov. 21, 2001). The court therefore concludes that all claims relating to petitioner's trial and his resulting conviction are time-barred and should be dismissed.

C.

Petitioner also complains that the state habeas court improperly dismissed his second writ as successive. This claim, which did not accrue until the writ was dismissed on December 15, 2004, is not barred by limitations. However, the Fifth Circuit has repeatedly held that defects in a state

habeas proceeding are not cognizable under 28 U.S.C. § 2254. *See Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir.), *cert. denied*, 122 S.Ct. 477 (2001) (citing cases). "That is because an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself." *Id.* at 320, *citing Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 2559 (1996). Consequently, this ground for relief should be overruled.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be dismissed in part and denied in part. All claims relating to petitioner's trial and his resulting conviction are time-barred and should be dismissed on limitations grounds. Petitioner's claim that the state habeas court improperly dismissed his second writ as successive should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  July 26, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE