IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LIONEL BERNARD ADKINS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 3:05-CV-1185-P |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal | § | |
| Justice, Institutional Division, | § | |
| | § | |
| Respondent. | § | |

**ORDER**

This is a writ of habeas corpus case filed by a state inmate pursuant to 28 U.S.C. § 2254. The magistrate judge filed his report on July 26, 2005 recommending that the petition be denied in part and dismissed in part as time-barred. Petitioner filed his objections to the magistrate judge's report on September 13, 2005.

Petitioner takes issue with the magistrate judge's finding that his case is, in part, time-barred. Petitioner asserts in his objections that the basis for his writ is an affidavit executed by Angelia Scott on June 10, 2004. Petitioner's evidence shows that the complainant in petitioner's state case executed an affidavit on February 12, 2002 recanting her allegations against petitioner. On the basis of the February 2002 affidavit, the magistrate judge concluded that petitioner could have discovered the factual predicate of his claim as early as that date through the exercise of due diligence. Petitioner apparently takes the position that because he is relying on Ms. Scott's later filed affidavit, Ms. Haynes' earlier affidavits are not relevant. However, Ms. Haynes' earlier affidavits are relevant to determining when petitioner could have discovered the factual

Order - Page 1

predicate for his claim and, thus, when limitations began to run. 28 U.S.C. § 2244(d)(1)(D). Ms. Scott's affidavit provides no new information. Scott simply states that Ms. Haynes recanted her sexual assault allegations against petitioner during a conversation in January 2004. However, Haynes had previously signed two affidavits in February 2002 and December 2003 recanting her allegations against petitioner. Petitioner acknowledges that he was aware of Haynes' earlier retractions. (Pet. Obj., p. 2) Thus, the magistrate judge correctly concluded that through the exercise of due diligence petitioner could have discovered the basis of his claim much earlier than June 2004.

Indeed, it appears that petitioner was aware prior to his trial that Ms. Haynes had recanted her allegations against him. Petitioner states that Ms. Haynes recanted her allegations to the nurse when Haynes went to have a sexual assault exam performed. Haynes then allegedly recanted her complaint when the Dallas police detective asked her to sign an affidavit. Haynes also allegedly went to the assistant district attorneys prosecuting the case in an attempt to have the case dismissed. Lastly, petitioner states that his attorney attempted to call Ms. Haynes as a witness in his behalf during his sexual assault trial, but was prevented from doing so. It is unlikely that petitioner would call Ms. Haynes as a witness on his behalf unless he thought she would help him. Thus, according to petitioner, Ms. Haynes began recanting her allegations against him shortly after the sexual assault was reported in July 1997 and continued to recant through his trial. In light of this record, there can be no serious dispute that petitioner knew of the factual basis of his claim well before June 2004.

Petitioner cites no authority for his apparent position that limitations should be tolled until he found evidence to corroborate Ms. Haynes' affidavit. The Fifth Circuit has previously

Order - Page 2

rejected an almost identical argument. *Flanagan v. Johnson*, 154, F.3d 196, 198-99 (5th Cir. 1998). In *Flanagan*, the petitioner filed an affidavit in 1992 setting forth the factual basis for his claim. In 1996, the petitioner obtained an affidavit from his trial counsel in an attempt to corroborate petitioner's claim. Petitioner argued that limitations did not begin to run in his case until he obtained the 1996 affidavit. The Fifth Circuit rejected that argument finding that section 2244(d)(1) (D) did not convey a right to delay the running of limitations while a habeas petitioner gathered evidence in support of his claim. *Id.* at 199. Once petitioner knew, or through due diligence could have known, the factual basis for his claim, limitations began to run and he was under an obligation to timely file his claims. Any need for time to discover additional evidence could have been addressed to the court where the habeas claim was pending. Petitioner's objection to the magistrate judge not tolling limitations in this case until June 2004 is overruled.

The court has reviewed petitioner's remaining objections and finds them without merit. The court finds the magistrate judge's findings and conclusions are correct and adopts them as the findings and conclusions of the court.

Signed this 15th day of September 2005.

_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE